J-S23024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSE GODFREY, | |
| Appellant | No. 1397 EDA 2014 |

Appeal from the PCRA Order Entered April 30, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0710991-1990

BEFORE:  DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 05, 2015**

Appellant, Jesse Godfrey, appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The trial court set forth the factual history of this case as follows:

> On June 2, 1990, in the early morning hours, [Appellant] and Robert "Sonny" Thomas decided to break into the home of Melvin Johnson, located at 2127 North Ninth Street in Philadelphia to steal money from him.  While "Sonny" waited outside the building watching for police, [Appellant] crawled through a window on the first floor and then went upstairs to the third floor where he pried open the lock on Mr. Johnson's bedroom door and entered.  Mr. Johnson was asleep on the bed when [Appellant] entered the room, but he soon awoke when [Appellant] took five dollars out of his pocket.  [Appellant] then showed Mr. Johnson a knife which [Appellant] had found on the

_____

[*]  Retired Senior Judge assigned to the Superior Court.

floor of the bedroom and told Mr. Johnson not to move. Mr. Johnson charged at [Appellant] who fatally stabbed him in the chest.

At approximately 4:10 p.m. on June 2, [1990], Detective Michael Cahill and Detective Raymond Dougherty arrived at 906 West Susquehanna Street, [Appellant's] mother's home, as a result of a phone call from a family member of [Appellant]. [Appellant] and his brother, Michael Pigford, were waiting for the Detectives when they arrived and both willingly got into the Detectives' car and rode to the Police Administration Building (PAB). Upon arrival at the PAB, [Appellant] was taken to the Special Investigation Unit where he was orally warned of his *Miranda* rights. [Appellant] waived his rights and proceeded to answer questions about the murder of Melvin Johnson. During the questioning, [Appellant] admitted involvement in the incident including the stabbing of the victim.

[Appellant] was charged with 2nd Degree Murder, Burglary, Robbery and Possession of an Instrument of Crime [("PIC")]. He subsequently filed a Motion to Suppress the statement he gave on June 2, 1990. This motion was heard by the trial court and denied on April 30, 1991.

Trial Court Opinion, 6/13/97, at 1-2 (citations omitted).

On April 30, 1991, at the conclusion of a nonjury trial, Appellant was convicted of 2nd degree murder, burglary, robbery, and PIC. On February 14, 1994, Appellant was sentenced to a term of life imprisonment.[1] Thereafter, Appellant brought a *nunc pro tunc* direct appeal, and this Court affirmed his judgment of sentence on June 30, 1998. *Commonwealth v.*

---

[1] As the PCRA court noted in its opinion dated June 16, 2014, "[Appellant] was deemed incompetent to undergo sentencing following his conviction thereby delaying his sentencing hearing until such time as he was deemed competent." PCRA Court Opinion, 6/16/14, at 1 n.1.

- 2 -

***Godfrey***, 1865 PHL 97, 724 A.2d 954 (Pa. Super. 1998) (unpublished memorandum).

On March 2, 2000, Appellant filed an untimely *pro se* PCRA petition. PCRA counsel was appointed and filed a ***Turner/Finley***[2] letter. On April 24, 2001, the PCRA court dismissed the PCRA petition and granted counsel permission to withdraw. Appellant then filed a *nunc pro tunc* appeal. On September 29, 2002, this Court entered an order dismissing the appeal due to failure to file a brief.

On January 30, 2003, Appellant filed his second *pro se* PCRA petition. New PCRA counsel was appointed and filed an amended PCRA petition. On November 14, 2003, the PCRA court dismissed Appellant's second PCRA petition. Appellant filed an appeal, which this Court dismissed by order dated June 22, 2004, due to the failure to file a brief.

On May 16, 2012, Appellant filed the instant *pro se* PCRA petition, which is his third. The PCRA court dismissed the PCRA petition on April 30, 2014. This timely *pro se* appeal followed.

Appellant presents the following issue for our review:

1. Did the trial court err in dismissing the Appellant's third PCRA Petition without appointing counsel to Amend the PCRA Petition and advance the Petition in legally acceptable terms?

_____

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that the trial court imposed a sentence of life imprisonment on February 14, 1994. This Court affirmed Appellant's judgment of sentence on June 30, 1998. The record does not reflect that Appellant sought review in the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on July 30, 1998, thirty days after this Court affirmed the judgment of sentence and the

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant did not file the instant PCRA petition until May 16, 2012. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant has attempted to invoke the third exception to the PCRA timeliness requirements, *i.e.*, "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively," 42 Pa.C.S. § 9544(b)(1)(iii), with reliance upon the United States Supreme Court's decision in **Martinez v. Ryan**, 132 S.Ct. 1309 (2012). However, Appellant's reliance upon **Martinez** is misplaced and entitles him to no relief.

In **Martinez**, the Supreme Court of the United States recognized, for purposes of federal *habeas corpus* relief, that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a

prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315. Moreover, the *Martinez* Court specifically cast its holding as "equitable" rather than "constitutional," stating "[t]his is not the case … to resolve whether that exception exists as a constitutional matter." *Martinez*, 132 S.Ct. at 1315. Therefore, *Martinez* does not provide a basis for Appellant to assert the section 9545(b)(1)(iii) exception to the PCRA's jurisdictional timeliness requirements. *See Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013) (holding that "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA"). Accordingly, the ruling in *Martinez* fails to provide Appellant an exception to the time bar of the PCRA. Thus, the PCRA court did not err in denying Appellant's untimely third PCRA petition.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007)

("[J]urisdictional time limits go to a court's right or competency to adjudicate

a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/2015</u>